**VIRGINIA: IN THE CIRCUIT COURT FOR HENRY COUNTY**

LATASHA NOEL,  )
    *Plaintiff*,  )
    )
v.  )    Case No.: CL18-635
    )
WAL-MART STORES EAST, LP  )
    Serve: CT Corporation System  )
    4701 Cox Road  )
    Suite 285  )
    Glen Allen, VA 23060  )
    )
JOHN DOES 1 through 2  )
    *Defendants*.  )

## COMPLAINT

Plaintiff, Latasha Noel, by counsel, moves for judgment against the defendants, Wal-Mart Stores East, LP, John Doe 1, and John Doe 2, on grounds and in the amount set forth below:

### I. Nature of the Action

1. Defendant Wal-Mart Stores East, LP (hereinafter, "Wal-Mart") owns and operates a store located at 976 Commonwealth Boulevard, Martinsville, VA 24112, in Henry County Virginia.

2. Upon information and belief, John Doe 1 was responsible for mopping floors at the store owned and operated by defendant Wal-Mart.

3. Upon information and belief, John Doe 2 was responsible for ensuring that the floors in the store owned and operated by defendant Wal-Mart were maintained in a safe condition, responsible for the training of John Doe 1, and responsible for


EXHIBIT A

1

checking for spills and other dangers throughout the store and in the department John Doe 1 was working.

4. Upon information and belief, John Does 1 through 2 are individuals whose names are unknown but are Virginia residents.

5. On or about September 7, 2017, plaintiff was an invitee at the defendant Wal-Mart's store at 976 Commonwealth Boulevard, Martinsville, VA 24112. Specifically, plaintiff was invited onto the premises to purchase goods from the store that day.

6. As the owner of the premises, a place to which the plaintiff had been specifically invited, Wal-Mart and its agents and employees, including John Does 1 through 2, had a duty to maintain the premises in a reasonably safe condition, to make a reasonable inspection of the premises to determine any latent defects that might exist, and to warn the plaintiff of any such latent defects known to it or its agents and employees.

7. Notwithstanding said duties, defendants allowed soda-water to accumulate on the floor of its store where it knew that the plaintiff would be shopping, although the defendants knew, or in the exercise of reasonable care should have known, that said defect existed.

8. On or about September 7, 2017, when plaintiff was invited to Wal-Mart's premises to shop, she was not warned of any defect and the defendants posted no warning about either hazard, despite knowing that the plaintiff would be shopping in this area.

9. As a direct and proximate result of the defendants' failure to inspect the premises, failure to clean the liquid from the floor, and failure to warn of the dangerous condition which was known, or in the exercise of reasonable care should

have been known to the defendants, the plaintiff slipped on the accumulated liquid and sustained serious injuries

10. As a direct and proximate result of the slip and fall and related injuries, the plaintiff has been forced to incur substantial medical bills and has suffered and continues to suffer severe physical pain.

11. In addition to the physical injuries sustained by the plaintiff, the plaintiff has suffered mental pain and suffering after the fall.

12. At all times relevant, the plaintiff used ordinary care and was free of negligence.

## II. Jurisdiction

13. Plaintiff Latasha Noel is an individual maintaining her residence in the Commonwealth of Virginia and specifically in Henry County.

14. Defendant, Wal-Mart operates a business in the Commonwealth of Virginia, and specifically owns and operates a store located in Henry County.

15. Based on information and belief defendants Does 1 through 2 are residents of the Commonwealth of Virginia and/or hold themselves out for employment in the Commonwealth of Virginia.

## III. Causes of Action

### Count One
### (Negligence)

16. Plaintiff hereby incorporates and re-alleges Paragraphs 1-15.

17. The defendants failed to keep the floor in its store free of liquid, which they

had a duty to do as the owner and employees of the store.

18. By failing to properly maintain the floor, the defendants failed to use the degree of care that an ordinary person would use to avoid injury to another.

19. As a direct and proximate result of the defendant's failure to use ordinary care, the plaintiff suffered and continues to suffer damage to her health, economic circumstances, and mental well-being.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of ONE HUNDRED AND FIFTY THOUSAND Dollars ($150,000.00), as compensatory damages, pre- and post-judgment interest, and her costs expended in this matter.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Latasha Noel

By: _____
Counsel

KRISTOPHER R. OLIN, VSB No. 78890
SPICER OLIN & ASSOCIATES, PC
504 South Main Street
Telephone: (540) 552-0007
Fax: (540) 951-5139
kolin@spicerlawfirm.com
*Counsel for the Plaintiff, Latasha Noel*

4

## CERTIFICATE OF MAILING

I, Kristopher R. Olin, do hereby certify that on this 2nd day of April, 2018 a true and correct copy of the foregoing Complaint was mailed, postage prepaid, to the following individuals:

Walmart Stores East, LP
c/o CT Corporation System, Registered Agent
4701 Cox Road
Suite 285
Glen Allen, VA 23060

_____
Kristopher R. Olin