CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 14 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LATASHA NOEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:18-cv-00027 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WAL-MART STORES EAST, LP, and | ) | By: Hon. Jackson L. Kiser |
| JOHN DOES 1 through 2, | ) |     Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Wal-Mart Stores East, LP's ("Wal-Mart") Motion for Summary Judgment ("the Motion"). [ECF No. 12]. The matter was fully briefed by the parties, and I heard oral argument on the Motion on January 31, 2019. I have reviewed the evidence, arguments of counsel, and applicable law. The matter is now ripe for disposition. For the reasons stated herein, I will deny the Motion.

**I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]**

Wal-Mart owns and operates a Wal-Mart store located at 976 Commonwealth Boulevard in Martinsville, Va ("the store"). (Compl. ¶ 1 [ECF No. 1-1].) On or about September 7, 2017, Plaintiff Latasha Noel ("Plaintiff"), her boyfriend Michael Finney, and Plaintiff's children were shopping in the store. While shopping, Plaintiff slipped in a pool of unknown liquid, fell, and suffered injuries. (Id. ¶ 8–10.)

In her deposition, Plaintiff testified that, while walking down the aisle, she reached to pick up a bag of pinto beans but slipped on a brown liquid on the floor; there were no warning signs to indicate that the floor was wet. (Latasha Noel Dep. 50:2–8; 59:4–23; 75:1–4, Oct. 8, 2018 [ECF

---

[1] Pursuant to the appropriate standard of review, the facts are recounted in the light most favorable to Plaintiff, the party opposing summary judgment. See Scott v. Harris, 550 U.S. 372, 380 (2007).

Nos. 13-1–13-3].) "Minutes" after she fell (id. 68:1–3), someone Plaintiff assumes was a manager[2] came up to her, asked her if she needed an ambulance, and stated "that someone was supposed to clean up the mess." (Id. 50:10–15; 76:6–21.) Within seconds of hearing that statement, Plaintiff remembered "seeing a lady with a mop and bucket" coming down the aisle. (Id. 50:17–18.)

Finney recalls two Wal-Mart employees responding to Plaintiff's fall: first a female employee, then a male Finney claims self-identified as a manager. (Michael Finney Dep. 33:8–20, Oct. 8, 2018 [ECF Nos. 13-4–13-5].) According to Finney, he heard the female employee "say they were supposed to clean that up." (Id. 31:21–32:1.) He does not recall any such statement by the male employee.

Plaintiff filed suit in the Henry County Circuit Court on April 5, 2018, and Wal-Mart removed the action to this Court on April 30. [ECF No. 1.] Following discovery, Wal-Mart filed its Motion for Summary Judgment on January 7, 2019. [ECF No. 12.] Plaintiff responded on January 22 [ECF No. 17], and Wal-Mart replied on January 29 [ECF No. 18]. I heard oral arguments on January 31, and I advised the parties that I would prepare a written opinion outlining the reasoning for my ruling. This Memorandum Opinion serves that purpose.

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A

---

[2] Plaintiff bases this assumption on the fact that the speaker was wearing a vest that was different from the other employees. (Noel Dep. 77:6–21.) She described the individual as a white male.

genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott, 550 U.S. at 380; Anderson, 477 U.S. at 249−50, 254. Not every factual dispute will defeat a summary judgment motion; there must be a *genuine* dispute over a *material* fact. Anderson, 477 U.S. at 247–48. A fact is material where it might affect the outcome of the case in light of the controlling law. Id. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249.

In a diversity case, a federal court must apply the substantive law of the forum state. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Therefore, the Virginia law applicable to slip-and-fall cases governs this case. Logan v. Boddie-Noell Enter., Inc., No. 4:11-cv-8, 2012 WL 135284, at *4 (W.D. Va. January 18, 2012).

### III. DISCUSSION

The parties agree that Plaintiff was a Wal-Mart invitee. In Virginia, a business owner owes an invitee:

> the duty to exercise ordinary care toward her as its invitee upon the premises. In carrying out this duty, [the business owner is] required to have the premises in a reasonably safe condition for [the invitee's] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that others persons had placed there; [and] to warn [the invitee] of the unsafe condition if it was unknown to her, but was or should have been, known to the [business owner].

Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). A plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on

the premises to establish a prima facie case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). See also Turley v. Costco Wholesale Corp., 220 F. App'x 179, 181 (4th Cir. 2001) ("When, as here, the dangerous condition resulted from passive conduct, the plaintiff may prevail only if he shows that 'defendants had actual or constructive notice' of the dangerous condition." (quoting Ashby v. Faison & Assoc., Inc., 440 S.E.2d 603, 605 (Va. 1994).)

In the absence of actual knowledge, constructive knowledge may be demonstrated by "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890. See also Harrison v. The Kroger Co., 737 F. Supp. 2d, 554, 558 (W.D. Va. 2010). In Grim, a "broken fluorescent light" burned the plaintiff, a toddler, after he touched the area under a customer counter. Grim, 434 S.E.2d at 888. The Supreme Court of Virginia held that, because the plaintiff had failed to provide any evidence "as to when the fixture was broken [or] how it was broken," it could not establish that it had existed long enough to give the defendant constructive notice of its existence. Id. at 890. As a result, the defendant prevailed as a matter of law.

This is a case of actual knowledge only. Plaintiff has, so far, not offered any evidence from which a rational trier of fact could conclude (1) how the liquid came to be on the floor or (2) for how long the liquid had been on the floor. Absent such evidence, no juror could conclude that the liquid had been there for a sufficient period of time to charge Wal-Mart with knowledge of its existence. See, e.g., Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 170 (4th Cir. 1966); Mullen v. Winn-Dixie Stores, Inc., 252 F.2d 232, 232–33 (4th Cir. 1958) (applying South Carolina law); Smith v. K-Mart Corp., No. 1:16cv00020, 2017 WL 1483457, at *3 (W.D. Va. Feb. 2, 2017); Hassanzadeh v. Whole Foods Market Group, Inc., No. 1:15cv00427, 2016 WL 183542, at *4 (E.D. Va. Jan. 14, 2016); Anderson v. United States, No. 4:12cv176, 2013 WL 12125741, at *4 (E.D.

Va. July 29, 2013); Logan v. Boddie-Noell Enters., Inc., No. 4:11-cv-00008, 2012 WL 135284, at *8 (W.D. Va. Jan. 18, 2012); Harrison, 737 F. Supp. 2d, at 558; Haliburton v. Food Lion, LLC, No. 3:07cv622, 2008 WL 1809127, at *3 (E.D. Va. Apr. 21, 2008); Grim, 434 S.E.2d at 889.

She has, however, offered evidence from which a reasonable juror could conclude Wal-Mart had actual notice of the liquid on the floor but failed to either warn of or remedy the dangerous condition. The statement, "Someone was supposed to clean that up,"[3] could reasonably be interpreted to show: (1) Wal-Mart was aware of the liquid on the floor; (2) a responsible party had instructed a Wal-Mart employee to clean up the liquid; (3) a reasonable amount of time had elapsed during which the requested clean-up should have occurred; (4) the liquid was not cleaned up; and (5) Wal-Mart did not warn its customers of the danger after it learned that liquid was on the floor.[4] Once a business owner is aware of a dangerous condition on its premises, it is obligated to either warn invitees of or remedy the situation. Here, the evidence taken in the light most favorable to Plaintiff suggests that—at a minimum—Wal-Mart was actually aware of the spill and did not warn its invitees of the potential danger.

Wal-Mart argues that Plaintiff cannot show how long the water had been on the floor, and thus she cannot recover. This argument, however, applies a constructive notice standard in an actual notice case. While it is true that Plaintiff cannot show how long the liquid was on the floor, in an actual notice case, she need only establish that Wal-Mart had enough time to either warn or

---

[3] At this stage, I take no issue with Plaintiff and Finney's differing accounts of who uttered the fateful phrase. While they disagree on who the speaker was, they both agree a Wal-Mart employee said it. This statement—presumably spoken in the course of one's employment with Wal-Mart—is attributable to Wal-Mart. See Fed. R. Evid. 801(d)(2)(D).

[4] There is evidence that there was *another* spill in "action alley," the area at the end of all the aisles. It is possible that the statement, "Someone was supposed to clean that up," referred to that spill, and that Wal-Mart was not aware of the spill in front of the pinto beans. At this stage, however, I accept all reasonable inferences in the light most favorable to Plaintiff. As such, I assume that the statement referred to the liquid in which Plaintiff fell.

remedy the defect. Here, as shown by the statements of its employees, Wal-Mart believed enough time had elapsed that the clean-up *should have occurred*. On the basis of the evidence, a reasonable juror could conclude that, in that amount of time, Wal-Mart should have *warned* of the danger even if clean-up had not yet occurred. On the facts presented, a reasonable juror could conclude that Wal-Mart was negligent, and therefore summary judgment is inappropriate.

## IV.   CONCLUSION

Taking the facts in the light most favorable to Plaintiff, there is a jury question as to whether Wal-Mart had actual notice of the unsafe condition at its Martinsville store and failed to address it in a reasonable time. Accordingly, Wal-Mart's Motion for Summary Judgment will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 14th day of February, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE